IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

ASTRAZENECA PHARMACEUTICALS LP            PLAINTIFF

v.            No. 4:24-cv-268-BSM

ALAN MCCLAIN, in his official capacity            DEFENDANT
as Commissioner of the Arkansas Insurance
Department

## NOTICE OF RELATED CASES UNDER GENERAL ORDER # 39

Comes now Booth Rand, General Counsel of the Arkansas Insurance Department ("AID"), who files the following notice on behalf of Alan McClain in his official capacity as Insurance Commissioner ("Commissioner") and states as follows:

1. The Defendant in this matter has been sued in the above styled matter on the basis of claims that Arkansas legislation in Act 1103 of 2021 by the Arkansas General Assembly (the "340B Drug Pricing Nondiscrimination Act," hereafter "Act 1103"), and the Arkansas Insurance Commissioner's required enforcement of it, is invalid or illegal for various federal constitutional and statutory reasons. Act 1103 forbids drug manufacturers from prohibiting or denying federally qualified 340B registered hospitals and clinics from denying them from the use of distribution of patient medications through outside contract pharmacies, as is specifically and blatantly outlawed at the state level under Ark. Code Ann. § 23-92-604(c).

2. The Plaintiff in this matter (hereafter "ASTRA") is now the third drug manufacturer, or drug manufacturing interest, filing suit in this very same Arkansas federal district court against the Arkansas Insurance Commissioner ("Commissioner") in his official capacity seeking an injunction or otherwise attempting to block, impede, thwart, delay or stop the State's enforcement of Act 1103. Namely and specifically, the other two preceding cases before this litigation was filed yesterday seeking the same overall purpose are: *Pharmaceutical Research and Manufacturers of America ("PhRMA") v. McClain, et. al, No. 4:21-CV-864-LPR (8th Circuit Court of Appeals # 22-3675)* and *Novo Nordisk v. McClain, No. 4:23-CV-969-BRW*.

3. For the sake of judicial economy and history of experience in reviewing this very complex litigation in *PhRMA v. McClain et al., in No. 4:21-CV-864 LPR*, Counsel for this Defendant previously and successfully argued for the transferring of *Novo Nordisk v. McClain, No. 4:23-CV-969-BRW* to Judge Wilson which was granted previously by Order from Judge Moody. In the Novo lawsuit, Novo also challenged the legality of Act 1103 alleging various federal constitutional defenses on some of the very same grounds as raised by ASTRA in this proceeding.. Because Judge Wilson had earlier reviewed the federal 340B program, became familiar with both the complex federal program and Act 1103 and issued a Summary Judgment Order in *PhRMA v. McClain et al., in No. 4:21-CV-864 LPR*, we filed a Notice of Related Cases in that Novo proceeding that was granted. Although admittedly ASTRA is not raising Supremacy Clause or Commerce Clause objections apparently that were raised by PhRMA in that earlier proceeding; however, ASTRA is now making virtually the same arguments in this styled lawsuit as was Novo, including but not limited to claims that such legislation violates the "Takings Clause," and "Impairment of Contracts" prohibitions.

4. Given Judge Wilson's previous handling of litigation on the above matters in these other two cases pertaining to Act 1103 and the 340B program, Defendant requests that this matter

be moved to Judge Wilson who has previously reviewed this state legislation and reviewed briefs on the 340B federal program. The Defendant makes this request specifically under General Order # 39(b)(5) under this District Court's Orders, as these are specifically, closely related cases.

    WHEREFORE, the Defendant moves that this proceeding be transferred to Judge Wilson, and for all reasonable and appropriate relief.

Booth Rand
General Counsel
Arkansas Insurance Department
One Commerce Way, Suite 102
Little Rock, AR 72202
(501) 371-2820
booth.rand@arkansas.gov

By:___**/S/**_____
Booth Rand (90046)
Attorney for Alan McClain in his
official capacity as Insurance
Commissioner

## CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of March 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which shall send notification of such filing to all counsel of record.

                      /S/
              _____
              Booth Rand