IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP<br><br>*Plaintiff*,<br><br>–v–<br><br>ALAN MCCLAIN, in his official capacity as Commissioner of the Arkansas Insurance Department<br><br>*Defendant,*<br><br>DALLAS COUNTY MEDICAL CENTER<br><br>*Intervenor.* | Case No. 4:24-cv-268-BRW |

**ANSWER IN INTERVENTION TO PLAINTIFF'S COMPLAINT**

Intervenor Dallas County Medical Center ("Intervenor") hereby answers Plaintiff's Amended Complaint (ECF no. 25) as follows.

1.  The allegations in this paragraph consist of conclusions of law and Plaintiff's interpretation of Congressional intent, to which no response is required. Intervenor refers the Court to 42 U.S.C. § 256b, for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

2.  The allegations in this paragraph consist of conclusions of law and Plaintiff's characterizations of federal cases, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

3.  The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those

allegations.

4. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

5. Intervenor admits that the Eighth Circuit rejected a constitutional challenge brought by PhRMA in *PhRMA v. McClain*, No. 22-3675, 2024 WL 1061438 (8th Cir. Mar. 12, 2024). DCMC admits that Plaintiff brings the current action but denies the remaining allegations in this paragraph.

6. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

7. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

8. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

9. Intervenor denies that Defendant is entitled to any relief and any remaining allegations in paragraph.

10. Intervenor denies the allegations in paragraph 10 of the Amended Complaint.

11. Intervenor denies the allegations in paragraph 11 of the Amended Complaint.

12. Intervenor denies the allegations in paragraph 12 of the Amended Complaint

13. Intervenor denies the allegations in paragraph 13 of the Amended Complaint.

14. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the identity of the members of the partnership of AstraZeneca, and therefore, denies those allegations.

15. Intervenor admits that Alan McClain, in his official capacity as the Commissioner of the Arkansas Insurance Department, is the named defendant. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

16. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor admits that the voluntary 340B Program requires participating drug companies to offer discounts on covered outpatient drugs to statutorily defined safety-net providers, referred to as "covered entities," as a condition of the companies' drugs being reimbursed by Medicaid and Medicare Part B, and Intervenor otherwise denies the allegations in this paragraph.

17. The allegations in this paragraph consist of conclusions of law, not allegations of fact; thus, no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

18. The allegations in this paragraph consist of Plaintiff's characterizations of Congress' actions and intent, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

19. The allegations in this paragraph consist of Plaintiff's characterizations of Congress' actions and intent, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

20. The allegations in this paragraph consist of Plaintiff's characterizations of

Congress' actions and intent, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

21. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

22. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

23. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

24. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

25. Intervenor admits that HRSA's 2010 guidance permitted covered entities to use multiple contract pharmacy arrangements. The remaining allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

26. Intervenor denies the allegations in this paragraph.

27. To the extent that the allegations in Paragraph 27 contain conclusions of law, no response is required. To the extent a response is deemed required, the allegations of Paragraph 27 are denied for lack of sufficient information to form a belief as to the truth thereof except to admit that the federal declaration cited is the best evidence of its contents.

28. The allegations in this paragraph consist of Plaintiff's characterization third party publications, to which speak for themselves. To the extent a response is deemed required, Intervenor denies those allegations.

29. Intervenor denies the allegations in this paragraph.

30. The allegations in this paragraph consist of Plaintiff's characterization third party publications, which speak for themselves. To the extent a response is deemed required, Intervenor denies those allegations.

31. Intervenor denies the allegations in this paragraph.

32. The allegations in this paragraph consist of Plaintiff's characterization third party publications, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

33. The allegations in this paragraph consist of Plaintiff's characterization third party publications, which speak for themselves. To the extent a response is deemed required, Intervenor denies those allegations.

34. The allegations in this paragraph consist of Plaintiff's characterization third party publications, which speak for themselves. To the extent a response is deemed required, Intervenor denies those allegations.

35. Intervenor admits that in July 2020, AstraZeneca fully eliminated or significantly restricted distribution of 340B drugs ordered through bill to/ship to arrangements and unilaterally imposed restrictions on contract pharmacy arrangements. Intervenor denies the remaining allegations in this paragraph.

36. Intervenor admits that in July 2020, AstraZeneca fully eliminated or significantly restricted distribution of 340B drugs ordered through bill to/ship to arrangements

and unilaterally imposed restrictions on contract pharmacy arrangements. Intervenor denies the remaining allegations in this paragraph.

37. Intervenor denies the allegations in this paragraph.

38. The allegations in this paragraph consist of Plaintiff's characterization of a federal Advisory Opinion, which speaks for itself. To the extent a response is deemed required, Intervenor denies those allegations.

39. The allegations in this paragraph consist of Plaintiff's characterization of a federal court lawsuit, and Intervenor refers the Court to the decision *AstraZeneca Pharms. LP v. Becerra*, 543 F. Supp. 3d 47 (D. Del. 2021) for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

40. The allegations in this paragraph consist of Plaintiff's characterization of a federal court lawsuit, and Intervenor refers the Court to the decision *AstraZeneca Pharms. LP v. Becerra*, No. 1:21-cv-27, 2022 WL 484587 (D. Del. Feb. 16, 2022) for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

41. The allegations in this paragraph consist of Plaintiff's characterization of a federal court lawsuit, and Intervenor refers the Court to the decision *Sanofi Aventis U.S. LLC v. HHS*, 58 F.4th 696, 706 (3d Cir. 2023) for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

42. Intervenor admits that the federal government neither filed a request for en banc review of the Third Circuit's decision in *Sanofi Aventis U.S. LLC v. HHS*, 58 F.4th 696, 706 (3d Cir. 2023) nor filed a petition for certiorari in the U.S. Supreme Court. To the extent that a further response is deemed required, Intervenor denies those allegations.

43. The allegations in this paragraph consist of Plaintiff's characterization of a a federal court order, and Intervenor refers the Court to the final judgment in *AstraZeneca*, No. 1:21-cv-27 (D. Del. May 5, 2023) for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

44. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

45. Intervenor admits that the 93rd General Assembly passed Act 1103. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

46. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

47. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

48. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

49. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

50. The allegations in this paragraph consist of conclusions of law, to which no

response is required. To the extent a response is deemed required, Intervenor denies those allegations.

51. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

52. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

53. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

54. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

55. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

56. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

57. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

58. Intervenor states that the referenced petition and relief granted speak for themselves and denies the remaining allegations in this paragraph.

59. This paragraph contains Plaintiff's characterization of this Court's opinion in *Pharm. Rsch. and Mfrs. of Am. v. McClain*, which speaks for itself. To the extent a response is deemed required, Intervenor denies those allegations.

60. This paragraph contains the Plaintiff's characterization of the United States Court of Appeals for the Eighth Circuit's decision, which speaks for itself. To the extent a response is deemed required, Intervenor denies those allegations and respectfully refers the Court to the full decision for a complete and accurate statement of its contents. *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136 (8th Cir. 2024).

61. Intervenor denies the allegations in this paragraph.

62. Intervenor denies the allegations in this paragraph.

63. Intervenor denies the allegations in this paragraph.

64. Intervenor is without sufficient information to admit or deny the allegations contained in this paragraph and therefore deny the same.

65. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

66. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

67. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those

allegations.

68. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

69. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

70. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

71. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

72. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

73. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

74. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

75. The allegations in this paragraph consist of conclusions of law, to which no

response is required. To the extent a response is deemed required, Intervenor denies those allegations.

76. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

77. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

78. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

79. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

80. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

81. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

82. The allegations in this paragraph consist of conclusions of law, to which no response is required. Intervenor refers the Court to the United States Constitution for a complete and accurate statement of its contents.

83. The allegations in this paragraph consist of conclusions of law, to which no response is required. Intervenor refers the Court to the Arkansas Constitution for a complete and accurate statement of its contents.

84. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

85. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

86. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

87. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

88. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

89. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

90. Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

91. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

92. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

93. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

94. Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

95. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

96. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

97. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

98. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

99. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

100. Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

101. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

102. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

103. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

104. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

105. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

**PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint contain a prayer for relief, to which no response is required. If a response is deemed necessary, Intervenor denies the allegations

contained in the prayer for relief, and further contends that Plaintiff is not entitled to the requested relief or any other relief from Defendant.

Intervenor denies any and all allegations in the Complaint that it did not expressly admit—including any allegations set forth in headings or subheadings, rather than in numbered paragraphs—to which a response is required.

## DEFENSES

106. Defendant's claims fail to state a claim upon which relief may be granted.

107. Defendant's claims are barred by res judicata and collateral estopel, including the proceedings related to this Court's previous rulings. *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 645 F. Supp. 3d 890 (E.D. Ark. Dec. 12, 2022), *aff'd Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136, 1139 (8th Cir. 2024).

108. Defendant's claims should be dismissed because they are not justiciable and the Court lacks subject matter jurisdiction.

109. This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring his claims.

110. Defendant has not sustained any harm.

111. Defendant failed to exhaust administrative remedies provided by the state of Arkansas and the Arkansas Insurance Department.

112. Defendant failed to exhaust administrative remedies provided by HRSA.

113. Defendant's claims are frivolous and lack a good faith basis in fact or law.

114. The Amended Complaint is otherwise barred, in whole or in part, by the affirmative defenses of illegality, equitable estoppel, laches, unclean hands, waiver, res judicata, collateral estoppel, statute of repose, and statute of limitations.

115.    DCMC reserves the right to plead further and reserves objections on the basis of: (1) lack of jurisdiction over the subject matter, (2) failure to state facts upon which relief can be granted, (3) failure to join a party under Rule 19, and (4) pendency of another action between the same parties arising out of the same transaction or occurrence.

WHEREFORE, Intervenor-Defendant Dallas County Medical Center respectfully requests that the Court render judgment dismissing the Amended Complaint with prejudice and grant it all other relief to which it is entitled.

Dated: August 15, 2024

Respectfully submitted,

Jess Askew, III, Ark. Bar No. 86005
Ashley W. Hudson, Ark. Bar No. 2007136
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue,
Suite 2000
Little Rock, AR 72201
(501) 975-3000 (Telephone)
(501) 975-3001 (Facsimile)
jess.askew@kutakrock.com
ashley.hudson@kutakrock.com
frederick.davis@kutakrock.com

Ronald S. Connelly, D.C. Bar No. 488298
Fernando Montoya, D.C. Bar No. 90007361
POWERS PYLES SUTTER & VERVILLE, PC
1250 Connecticut Ave NW, Eighth Floor
Washington DC 20036
(202) 466-6550 (Telephone)
Ron.Connelly@PowersLaw.com
Fernando.Montoya@PowersLaw.com

*Counsel for Proposed Intervenor-Defendant Dallas County Medical Center*