## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

ASTRAZENECA PHARMACEUTICALS LP

*Plaintiff,*

–v–

ALAN MCCLAIN, in his official capacity
as Commissioner of the Arkansas
Insurance Department

*Defendant,*

DALLAS COUNTY MEDICAL CENTER

*Intervenor-Defendant.*

Case No. 4:24-cv-268-BRW

## MOTION FOR JUDGMENT ON THE PLEADINGS BY DALLAS COUNTY MEDICAL CENTER

Intervenor-Defendant Dallas County Medical Center ("DCMC") respectfully moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff AstraZeneca Pharmaceuticals, LP's ("AstraZeneca's") claims are barred by claim and issue preclusion and fail as a matter of law. Accordingly, DCMC respectfully requests that the Court dismiss this action with prejudice and grant DCMC all other just and appropriate relief. In support of its Motion, Intervenor-Defendant states:

1.    Arkansas Act 1103 includes two key provisions—Ark. Code Ann. §§ 23-92-604(c)(1) and (c)(2)—requiring drug companies to ship drugs discounted under the federal 340B drug pricing program ("340B Program"), 42 U.S.C. § 256b, to pharmacies under contract with Arkansas safety-net providers. *Pharm. Rsch. & Mfrs. of Am. v. McClain (PhRMA I)*, 645 F.

Supp. 3d 890, 897 (E.D. Ark. 2022), *aff'd*, *Pharm. Rsch. & Mfrs. of Am. v. McClain* (*PhRMA II*), 95 F.4th 1136 (8th Cir. 2024).

2.    AstraZeneca's claims are barred by claim and issue preclusion. AstraZeneca was a member of the Pharmaceutical Research and Manufacturers of America ("PhRMA") when it challenged Act 1103 before this Court and lost. All of AstraZeneca's claims in this lawsuit were or could have been litigated by PhRMA. Many of AstraZeneca's claims merely repackage arguments that this Court and the Eighth Circuit rejected in *PhRMA v. McClain*. *PhRMA I*, 645 F. Supp. 3d 890 (E.D. Ark. 2022), *aff'd*, *PhRMA II*, 95 F.4th 1136 (8th Cir. 2024).

3.    Act 1103 is not preempted by federal patent law. AstraZeneca mischaracterizes Act 1103 and the contract pharmacy arrangements that permit health care providers that participate in the 340B program to dispense drugs to their patients. Act 1103 and federal patent law operate in completely different spheres—while Act 1103 regulates the distribution of discounted drugs in Arkansas, federal patent law prohibits states from regulating the price of patented goods. AstraZeneca's argument is based on the flawed premise that Act 1103 is a pricing statute rather than a delivery statute, a contention that the Eighth Circuit has already rejected. *PhRMA II*, 95 F. 4th at 1145.

4.    Act 1103 does not violate the Contracts Clause of the U.S. Constitution. AstraZeneca cannot demonstrate substantial impairment of its Pharmaceutical Pricing Agreement ("PPA") with the federal Department of Health and Human Services ("HHS") because Act 1103 regulates delivery (not pricing) of 340B drugs. *See PhRMA v. Murrill*, No. 6:23-CV-00997, 2024 WL 4361597, *12 (W.D. La. Sept. 30, 2024) (consolidated with *AstraZeneca v. Murrill*, No. 6:23-cv-01042) (rejecting Contracts Clause attack on a state law similar to Act 1103 raised by AstraZeneca, PhRMA, and another drug manufacturer, AbbVie). Further, AstraZeneca operates

in a heavily regulated market, and contract pharmacies have been an important part of the 340B Program since 1996. *Id.* at *13. Even so, Arkansas enacted Act 1103 for legitimate, justifiable, and reasonable purposes that are well within its traditional police powers.

5.      Act 1103 is not an unconstitutional taking because it does not regulate prices. Act 1103 is not a "per se taking" because it does not physically occupy or seize AstraZeneca's property. Act 1103 is also not a regulatory taking because any economic impact is minimal, does not interfere with AstraZeneca's investment-backed expectations—which have included contract pharmacy shipments since 1996—and promotes the important government interest of safeguarding the health of Arkansas' citizens. *See Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). For all of the same reasons, Act 1103 does not violate the Takings Clause of the Arkansas Constitution. Additionally, both the United States Constitution and the Arkansas Constitution recognize that states may reasonably exercise their police power without effecting an unconstitutional taking. Protecting distribution of 340B-priced drugs to Arkansas covered entities through their contract pharmacies is squarely within Arkansas' police power to regulate the public health and safety of its citizens.

6.      This motion is supported by all filings of record and a contemporaneously filed supporting memorandum.

Dated: February 20, 2025                    Respectfully submitted,

Frederick H. Davis                          Ronald S. Connelly*
Ark. Bar No. Ark. Bar No. 2012271           D.C. Bar No. 488298
KUTAK ROCK LLP                              POWERS PYLES SUTTER & VERVILLE, PC
124 West Capitol Ave., Suite 2000           1250 Connecticut Ave NW, Floor 8
Little Rock, AR 72201                        Washington DC 20036
T: 501.975.3134                             T: (202) 466-6550
frederick.davis@kutakrock.com               Ron.Connelly@PowersLaw.com
*Counsel for Intervenor-Defendant Dallas*    *Counsel for Intervenor-Defendant Dallas County*
*County Medical Center*                      *Medical Center*
                                            *Admitted pro hac vice