IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP<br><br>*Plaintiff*,<br><br>–v–<br><br>JIMMY HARRIS, in his official capacity as Commissioner of the Arkansas Insurance Department<br><br>*Defendant*,<br><br>DALLAS COUNTY MEDICAL CENTER<br><br>*Intervenor-Defendant*. | Case No. 4:24-cv-00268-KGB |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully respond to Plaintiff AstraZeneca's notice of supplemental authority, ECF No. 155. The Western District of Oklahoma's decision in *AstraZeneca Pharmaceuticals LP v. Drummond* does not support AstraZeneca's case against Arkansas Act 1103. Order, *AstraZeneca Pharmaceuticals LP v. Drummond*, 5:25-cv-01156 (W.D. Okla. Oct. 31, 2025). The *Drummond* court erroneously determined that H.B. 2048, Oklahoma's contract pharmacy access law, regulates price, not distribution. This error led the court to determine incorrectly that Oklahoma's law was preempted by the 340B statute and effects an unconstitutional taking. Oklahoma's law, like Act 1103, regulates distribution, not pricing.

The *Drummond* court concluded that H.B. 2048 regulates price by conflating two different categories of transactions: 1) covered entity purchases from manufacturers; and 2)

pharmacy purchases from manufacturers.  Order at 13-14.  H.B. 2048 and Act 1103 only regulate delivery of the first category: drugs purchased by covered entities.  While it is generally true that "[t]he drug is the same whether sold under the 340B Program or otherwise," Order at 13, H.B. 2048 and Act 1103 only regulate delivery of drugs "sold under the 340B Program" to 340B covered entities, not drugs sold "otherwise."  Federal law sets the price, and these state laws regulate where manufacturers must ship the federally discounted drugs.

The *Drummond* court also misapplied the Supreme Court's opinion in *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110 (2011).  Order at 16.  The court believed that "H.B. 2048 effectively expands the definition of 'covered entity' to include contract pharmacies."  Order at 15.  But expanding the definition of "covered entity" would require *sales* at 340B prices to *pharmacies*, which is not mandated by the text of either H.B. 2048 or Act 1103.  The court, in effect, credited manufacturer allegations that covered entities are diverting 340B-priced drugs to pharmacies.  *Astra* unequivocally held that pricing disputes such as diversion must be channeled through the federal administrative dispute resolution ("ADR") process.  *Astra*, 563 U.S. at 114.  By adjudicating those grievances, the *Drummond* court, not, H.B. 2048, permitted an end-run around *Astra* and ADR.  Order at 16.

The Eighth Circuit's holding that "Act 1103 does not set or enforce discount pricing" controls here.  *Pharm. Rsch. & Manuf. of Am. v. McClain*, 95 F.4th 1136, 1145 (8th Cir.), *cert. denied*, 145 S. Ct. 768 (2024).  Because Act 1103 does not set pricing, it is not preempted, and it does not effect an unconstitutional taking.

Dated: November 11, 2025                                Respectfully submitted,

/s/Frederick H. Davis                                             /s/Ronald S. Connelly
Frederick H. Davis, Ark. Bar No. 2012271        Ronald S. Connelly, D.C. Bar No. 488298*
Jess Askew, III, Ark. Bar No. 86005                   Fernando Montoya, D.C. Bar No. 90007361*

Ashley W. Hudson, Ark. Bar No. 2007136
KUTAK ROCK, LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
T: (501) 975-3000
F: (501) 975-3001
jess.askew@kutakrock.com
ashley.hudson@kutakrock.com
frederick.davis@kutakrock.com
*Counsel for Intervenor-
Defendant Dallas County Medical Center*

Hannah Hauer, D.C. Bar No. 90008945*
POWERS PYLES SUTTER & VERVILLE, PC
1250 Connecticut Ave NW, Eighth Floor
Washington DC 20036
T: (202) 466-6550
Ron.Connelly@PowersLaw.com
*Counsel for Intervenor-Defendant Dallas County Medical Center*
*Admitted pro hac vice

/s/Sara Farris
Sara Farris, ABA #98115
General Counsel
Arkansas Insurance Department
One Commerce Way
Little Rock, Arkansas 72202
(501) 371-2829
sara.farris@arkansas.gov