**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP<br><br>*Plaintiff*,<br><br>–v–<br><br>JIMMY HARRIS, in his official capacity as Commissioner of the Arkansas Insurance Department,<br><br>*Defendant*,<br><br>DALLAS COUNTY MEDICAL CENTER,<br><br>*Intervenor-Defendant*. | **Case No. 4:24-cv-00268-KGB** |

**DEFENDANT AND INTERVEOR-DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant and Intervenor-Defendant (collectively, "Defendants") respond to Plaintiff AstraZeneca's notice of supplemental authority, ECF No. 169. The District of North Dakota's decision in *AbbVie, Inc. v. Wrigley* does not support AstraZeneca's case challenging Arkansas Act 1103. *AbbVie Inc. v. Wrigley*, 1:25-cv-81 (D.N.D. Apr. 27, 2026), ECF No. 83 ("*Wrigley*"). The District of North Dakota's opinion is contrary to the Eighth Circuit's decision in *PhRMA v. McClain*, 95 F.4th 1136, 1145 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 768 (2024), which held that Act 1103 "does not set or enforce discount pricing". That decision is binding on this Court. The pricing-versus-delivery distinction is dispositive of the constitutional claims AstraZeneca raises—preemption by Federal patent laws, the Contract Clause, and the Takings Clause. The

success of each claim depends on the premise that Act 1103 regulates pricing or compels sales. It does not. Act 1103 regulates delivery and distribution, both on its face and in practice.

**First**, Defendants disagree with the *Wrigley* court's analysis that *PhRMA v. McClain* is not controlling for North Dakota's contract pharmacy law. The North Dakota law at issue in the *Wrigley* case, like Act 1103, does not regulate prices, offers, or sales terms; it regulates delivery and distribution after a covered entity is already entitled, under federal law, to purchase a drug at a federally determined 340B price. More importantly, the *Wrigley* court's analysis does not apply here. Although AstraZeneca is correct that the *Wrigley* court determined that *PhRMA v. McClain*, is distinguishable, it did so "based on [the] statutory language" of Act 1103, and its interpretation by state authorities, as compared to the North Dakota law. *Wrigley*, 1:25-cv-81, at 17–18. To state the obvious, this case is about the constitutionality of Act 1103 and, therefore, *PhRMA v. McClain* controls. In addition, the *Wrigley* court's analysis relates to claims by other plaintiffs that the North Dakota law is preempted by the 340B statute. *Id*. AstraZeneca's original complaint in this case raised that issue, ECF 1 at 28–29, but AstraZeneca dropped that claim. *See* Am. Compl., ECF 25. AstraZeneca's preemption claim argues that Act 1103 is preempted by federal patent laws, and the *Wrigley* court's determination on that issue, as with AstraZeneca's Contract Clause and Takings Clause claims, was merely that AstraZeneca had raised a claim "above a speculative level". *Wrigley*, 1:25-cv-81, at 28, 30–31.

**Second**, Defendants disagree with the *Wrigley*'s court's patent-preemption analysis. Courts ordinarily apply a presumption against preemption when state laws concern matters of health and safety, including the distribution of prescription drugs—an area long recognized as within the States' police powers. *McClain*, 95 F.4th at 1140, 1143–44. In addition, the *Wrigley*

Court's analysis is based on its misguided finding that the North Dakota law regulates pricing, not delivery, a finding that the *McClain* court soundly rejected in its analysis of Act 1103.

**Third**, *Wrigley* does not support AstraZeneca's Contract Clause claim. The Pharmaceutical Pricing Agreement merely incorporates statutory obligations under the 340B statute and does not substantially impair any contract with the federal government.

**Fourth**, *Wrigley* does not revive AstraZeneca's Takings Clause claim. Act 1103 does not compel sales, appropriate property, or deprive manufacturers of economically beneficial use. Participation in the 340B Program is voluntary, and delivery requirements associated with that participation do not constitute a taking.

Defendants respectfully contend that *Wrigley* has no bearing on this case and that *McClain* is controlling.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Sara Farris*
Sara Farris, ABA #98115
General Counsel
Arkansas Insurance Department
One Commerce Way
Little Rock, Arkansas 72202
(501) 371-2829
sara.farris@arkansas.gov

*/s/ Frederick H. Davis*
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue,
Suite 2000
Little Rock, AR 72201
(501) 975-3000 (Telephone)
(501) 975-3001 (Facsimile)
frederick.davis@kutakrock.com

*/s/ Hannah Hauer*
Hannah Hauer, D.C. Bar No. 90008945*
POWERS PYLES SUTTER & VERVILLE, PC
1250 Connecticut Ave NW, Eighth Floor
Washington DC 20036
T: (202) 466-6550
Hannah.Hauer@PowersLaw.com
*Counsel for Intervenor-Defendant Dallas County Medical Center*
*Admitted pro hac vice