**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP<br>*Plaintiff*,<br>–v–<br>JIMMY HARRIS, in his official capacity as Commissioner of the Arkansas Insurance Department<br>*Defendant*,<br>DALLAS COUNTY MEDICAL CENTER<br>*Intervenor-Defendant*. | **Case No. 4:24-cv-00268-KGB** |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Notice of Supplemental Authority regarding the Eighth Circuit's July 1, 2026, decision, in *Novartis Pharmaceuticals Corp. v. Hanaway*, No. 25-1619, 2026 WL 1892141 (8th Cir. July 1, 2026), attached as **Exhibit 1**. The court denied Novartis's request for a preliminary injunction against enforcement of S.B. 751, which is materially similar to Arkansas Act 1103. The Eighth Circuit has now upheld state contract pharmacy laws twice, first in *PhRMA v. McClain* and now in *Novartis v. Hanaway*. *Id.*; *PhRMA v. McClain*, 95 F.4th 1136, 1144 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 768 (2024).

The court determined that Novartis is unlikely to succeed on its claims that S.B. 751 is preempted by the 340B statute, citing *McClain*, 95 F.4th at 1144.[1] The court reasoned that

[1] The court also held that Novartis is not likely to succeed on its claim that S.B. 751 violates the

*McClain* reached the merits of the field preemption issues and declined Novartis's request to reconsider *McClain*. Exhibit 1 at 20–21 ("[The Eighth Circuit] held in *Pharmaceutical Research & Manufacturers of America v. McClain*, 95 F.4th 1136 (8th Cir. 2024), that Section 340B does not preempt the field of 340B regulation and that the 340B Program's enforcement mechanisms do not preempt the field of 340B enforcement."). Because AstraZeneca's preemption claim under federal patent law raises substantially similar questions as those raised by Novartis, it should meet a similar fate.[2]

The Eighth Circuit also relied on *McClain* in determining that Act 1103 does not create an obstacle to the 340B Program because Arkansas Act 1103 regulates delivery and distribution, while the 340B Program regulates 340B drug pricing. The Eighth Circuit reaffirmed that "[t]he price at which 340B drugs are offered to covered entities is set by federal statutory formula," and "[s]tate laws like Arkansas Act 1103 and Missouri S.B. 751 do not alter that pricing formula or otherwise set the price of 340B drugs; rather, these laws provide that, once 340B drugs are offered to covered entities at the ceiling price, drug manufacturers cannot prevent covered entities from directing the delivery of those drugs to its contract pharmacies." Exhibit 1 at 22. Therefore, because "Act 1103 and Missouri S.B. 751 regulate an area beyond the purview of federal law and do not pose an obstacle for drug manufacturers to comply with both federal and state law, such state laws are not conflict preempted." Exhibit 1 at 22. The conclusion that Act 1103 regulates delivery and not pricing is fatal to AstraZeneca's patent preemption, Contracts Clause, and Takings Clause claims.

---

dormant Commerce Clause. Exhibit 1 at 11-13.

[2] The district court also held that Novartis was unlikely to succeed on the merits of its claim that S.B. 751 is preempted by federal patent law, and Novartis did not appeal that claim to the Eighth Circuit. *See* Order, *Novartis Pharms. Corp. v. Bailey*, No. 2:24-cv-04131-MDH, at 5-6 (W.D. Mo. Feb. 24, 2025).

The Eighth Circuit also found that Act 1103 serves a public purpose because it does "not create an obstacle for pharmaceutical manufacturers to comply with 340B, rather it does the opposite." Exhibit 1 at 22 (quoting *McClain*, 95 F.4th at 1144). It further posited that the Fifth Circuit's decisions in *AbbVie, Inc. v. Fitch*, 152 F.4th 635 (5th Cir. 2025), and *AbbVie, Inc. v. Murrill*, 166 F.4th 528 (5th Cir. 2026), reinforce *PhRMA v. McClain*'s conclusions. Exhibit 1 at 23. Those decisions do the same in this case.

The Eighth Circuit has twice affirmed the constitutionality of state laws governing the distribution of 340B-priced drugs. *Hanaway*, like *McClain*, supports Defendants' motion for summary judgment.

Dated: July 17, 2026

Respectfully submitted,

*/s/Frederick H. Davis*
Frederick H. Davis, Ark. Bar No. 2012271
Jess Askew, III, Ark. Bar No. 86005
Ashley W. Hudson, Ark. Bar No. 2007136
KUTAK ROCK, LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
T: (501) 975-3000
F: (501) 975-3001
jess.askew@kutakrock.com
ashley.hudson@kutakrock.com
frederick.davis@kutakrock.com
*Counsel for Intervenor-Defendant Dallas County Medical Center*

*/s/Ronald S. Connelly*
Ronald S. Connelly, D.C. Bar No. 488298*
Fernando Montoya, D.C. Bar No. 90007361*
Hannah Hauer, D.C. Bar No. 90008945*
POWERS PYLES SUTTER & VERVILLE, PC
1250 Connecticut Ave NW, Eighth Floor
Washington DC 20036
T: (202) 466-6550
Ron.Connelly@PowersLaw.com
*Counsel for Intervenor-Defendant Dallas County Medical Center*
*Admitted pro hac vice

*/s/Sara Farris*
Sara Farris, ABA #98115
General Counsel
Arkansas Insurance Department
One Commerce Way
Little Rock, Arkansas 72202
(501) 371-2829
sara.farris@arkansas.gov