**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

ASTRAZENECA PHARMACEUTICALS LP,

*Plaintiff,*

v.

JIMMY HARRIS, in his official capacity as Commissioner of the Arkansas Insurance Department,

*Defendant*,

DALLAS COUNTY MEDICAL CENTER,

*Defendant-Intervenor*.

Case No. 4:24-cv-268-KGB
JUDGE: Kristine G. Baker
MAGISTRATE JUDGE: Joe J. Volpe

**PLAINTIFF ASTRAZENECA PHARMACEUTICALS LP'S
RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

AstraZeneca hereby responds to Defendants' Notice of Supplemental Authority, ECF No. 171, discussing *Novartis Pharms. Corp. v. Hanaway*, No. 25-1619, 2026 WL 1892141 (8th Cir. July 1, 2026), a facial challenge that arose in a different procedural posture and addresses different legal claims based on a different record. That decision has no bearing on this case.

***First***, and most important, *Hanaway* was a pre-enforcement facial challenge just like *PhRMA v. McClain*, 95 F.4th 1136 (8th Cir. 2024). Indeed, no discovery was conducted in *Hanaway*, which was litigated on a motion for preliminary injunction. 2026 WL 1892141, at *5. Like *McClain*, therefore, *Hanaway* lacked a factual record—most notably, it lacked any evidence regarding whether Missouri's law regulated "delivery" or "pricing"—so assumed that the law only regulated delivery. *Id.* at *11-12; *see AbbVie, Inc. v. Fitch*, 152 F.4th 635 (5th Cir. 2025), and *AbbVie, Inc. v. Murrill*, 166 F.4th 528 (5th Cir. 2026), *withdrawn and superseded on reh'g*, Nos. 24-30645, 24-30651, 24-30673, 2026 WL 1947948 (5th Cir. July 6, 2026) (relying on same

assumption in pre-enforcement facial challenges).

Here, by contrast, the Court has an undisputed evidentiary record regarding Act 1103's actual application to AstraZeneca *specifically*, which shows that the law in fact regulates pricing. *See* Dkt. No. 131-132 at Br. 22-24 (discussing evidence of the Arkansas Insurance Commissioner's enforcement of the Act against AstraZeneca); *id.* at 25-30 (identifying evidence of eight undisputed features that prove Act 1103 regulates pricing); *see also, e.g.*, Dkt. No. 131 at SUMF ¶ 95 ([redacted]).[1] And regardless, AstraZeneca also contends here—in an argument that Novartis did not make and *Hanaway* did not consider—that the Act's inevitable (and intended) practical effect is to engraft costly new obligations onto a manufacturer's 340B participation. Opening Br. 39-47.

***Second***, *Hanaway*'s analysis of Novartis's 340B preemption claim has no bearing on AstraZeneca's claims that federal patent law preempts Act 1103, that the Act violates the Contracts Clause, and that it works an unconstitutional taking. Defendants argue that AstraZeneca's patent-preemption claim "raises substantially similar questions as those raised by Novartis." Notice 2. But *Hanaway* analyzed only whether Missouri's law conflicts with "purpose and objectives" of Section 340B. 2026 WL 1892141, at *11. The Court had no occasion to consider, and did not consider, whether the law conflicts with the purposes and objectives of federal *patent law*—the

[1] Dkt. No. 131 is AstraZeneca's Notice of Filing its Motion for Summary Judgment; Statement of Undisputed Material Facts; and Brief in Support "Under Seal" pursuant to Protective Order. Dkt. No. 132 is the publicly available version of AstraZeneca's Brief in Support.

question on which AstraZeneca's patent-preemption claim turns. *See* Opening Br. 18-20. Among other things, AstraZeneca's claim requires showing that Act 1103 "in effect diminish[es] the reward to patentees in order to provide greater benefit to [Arkansas] drug consumers." *Biotechnology Indus. Org. (BIO) v. District of Columbia*, 496 F.3d 1362, 1374 (Fed. Cir. 2007). That argument does not depend on whether the Act regulates pricing (though it does), but instead turns on the law's demonstrated practical effect. *See* Opening Br. 33 ("[E]ven if Act 1103 could somehow be described as regulating the delivery of 340B-discounted drugs—contrary to all evidence and contrary to the Insurance Commissioner's enforcement of the Act against AstraZeneca—it *still* would be preempted.").

Dated: July 22, 2026

Respectfully submitted,

**ELDRIDGE BROOKS, PLLC**

Conner Eldridge, Ark. Bar No. 2003155
Emily A. Neal, Ark. Bar No. 2003087
ELDRIDGE BROOKS, PLLC
5115 West JB Hunt Drive, Suite 500
Rogers, AR 72758
(479) 553-7678 telephone
(479) 553-7553 facsimile
conner@eldridgebrooks.com
emily@eldridgebrooks.com

AND

Allon Kedem
Jeffrey L. Handwerker
Samuel I. Ferenc
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000 telephone
(202) 942-5999 facsimile
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
sam.ferenc@arnoldporter.com

Carmela T. Romeo
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000 telephone
(212) 836-8689 facsimile
carmela.romeo@arnoldporter.com

*Attorneys for Plaintiff AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July 2026, the foregoing document was filed electronically with the Clerk of Court by use of the CM/ECF system, which will serve a copy on all interested parties registered for electronic filing and is available for viewing and downloading from the ECF system.

Dated: July 22, 2026

Conner Eldridge